J2SHORTESS, Judge.
On October 4, 1990, Velton Tucker, Jr., and his wife, Pamela Tucker (plaintiffs), were released in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On April 3, 1991, Louisiana Department of Revenue and Taxation (defendant) filed a tax lien against Vel-ton Tucker and Slidell Camera Center[1] for the sum of $2,685.82, sales tax liability incurred October, November, and December of 1987. On August 27, 1996, plaintiffs filed a rule to show cause why certain judgments and hens should not be cancelled.[2] The hearing was held on October 14, 1996, and the trial court ruled in favor of plaintiffs and ordered the St. Tammany Parish’s Ex-Offi-cio Recorder of Mortgages to erase from the records the hens filed by defendant and the City of Slidell.[3] From this decision, defendant appeals.
*783 Defendant asserts two assignments of error. First, Louisiana Revised Statute 9:5166[4] does not authorize the cancellation of defendant’s lien because such hen represented taxes excepted from discharge under 11 U.S.C. § 523(a)(1)(A). Second, the discharge of Tucker did not discharge plaintiffs’ tax liability as to taxes specified in 11 U.S.C. § 507(a)(7)(C).
No transcript of the hearing on the rule to show cause was provided in the record, so we do not know the trial court’s reasons for ruling in favor of plaintiffs.
Plaintiffs contend the issue before the court is not whether the taxes are exempt from discharge, but whether defendant’s claim to the taxes had prescribed. The state taxes in question were due in October, November, and December of 1987. Yet, defendant did not file its hen until April 11, 1991. However, plaintiffs raised the issue of prescription for the first time in their brief to this court. Louisiana Code of Civil Procedure article 2163 provides, in part:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission ofjjthe case for a decision, and if proof of the ground of the exception appears of record.
In the case of Bergeron v. Houma Hospital Corporation,[5] we held “[although an exception of prescription may be filed for the first time in an appellate court, it must be presented in a formal pleading. The peremptory exception of prescription cannot be injected as an issue in the case solely by brief or oral argument.”[6] Since plaintiffs did not file a formal pleading raising this exception at either the trial court or appellate level, this argument is not before the court at this time.
But defendant’s claim may not have been dischargeable debt pursuant to state and federal law. Plaintiffs brought this action pursuant to Revised Statute 9:5166, which provides:
Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wil[l]ful negligence, or any judgment for taxes due or any other judgment otherwise hot discharged in bankruptcy.
As provided in the aforementioned statute, “any judgment for taxes due” is an exception to those for which the court shall order cancellation. Furthermore, plaintiffs were discharged from all debts dischargeable under 11 U.S.C. § 523 and those excepted from discharge under 11 U.S.C. § 523(a)(2),(4), and (6) in their bankruptcy judgment. Defendant cites Title 11 U.S.C. § 523(a)(1)(A) of the 1990 edition of the Bankruptcy Code, which provides, in pertinent part:
§ 523. Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed ... (footnote omitted).
¶ iDefendant also cites 11 U.S.C. § 507(a)(7)(C) of the 1990 Bankruptcy Code, which provides:
§ 507. Priorities
*784 (a) The following expenses and claims have priority in the following order:
[[Image here]]
(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity.... [7]
According to these provisions, it appears plaintiffs’ state taxes were not discharged since “a tax required to be collected or withheld and for which the debtor is liable” is a priority under § 507; and these priorities are excepted from discharge under § 523 and were not dischargeable pursuant to the Bankruptcy Code. In light of this finding, we reverse the judgment on the rule to show cause and remand this case to the district court. Plaintiffs are free to urge their exception of prescription after remand.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court that ordered defendant’s lien cancelled and erased from the record, and we remand this suit to the trial court. Costs of appeal are assessed to plaintiffs.
REVERSED AND REMANDED.

. Velton Tucker was the owner and operator of Slidell Camera Center.

. Initially the rule to show cause was filed against the aforementioned defendant and the Cily of Slidell, the Department of Finance, Whitney National Bank, and the Clerk of Court of St. Tammany Parish. However, the Department of Revenue was the only defendant to appear at the hearing.

.The City of Slidell had recorded a lien in the sum of $1,342.16. Whitney National Bank vol *783 untarily cancelled its recorded lien before trial; thus the court found the rule against it moot.

. This statute is entitled "Cancellation of judgments; discharge in bankruptcy; rule to show cause.”

. 514 So.2d 1192, 1194-95 (La.App. 1st Cir.1987).

. La. C.C.P. art. 2163; Eschete v. Gulf South Beverages, 442 So.2d 556 (La.App. 1st Cir.1983).

. This cite is currently found at § 507(a)(8)(C).